CARTER &c.
vs
JUSTICES CARTER
COUNTY COURT.
facts on which this attempt to enforce the penalty of the statute is founded.

---

MOTION.

# Carter, &c. *vs* The Justices of Carter County Court.

## ERROR TO THE CARTER COUNTY COURT.

Case 91.       *Jurisdiction of County Courts.   Collectors bond.   Motions.*

April 24.

JUDGE BRECK delivered the opinion of the Court.

The facts of the case and judgment of the county Court.
WILLIAM CONNER, attorney for the County of Carter, and on behalf of the County Court, and in the name of all the Justices of the Peace for said county, gave notice to Thompson Ward, William G. Carter, and William Kouns, that he would, at the December term, 1840, of the Carter County Court, move said Court for a judgment against them as securities of Harris W. Thompson, Sheriff and Collector of the county of Carter, for $423 03. This sum, the motion recited, was due from said Thompson, as Collector of the County levy for Carter County, agreeably to a settlement made and reported by two Justices of the Carter County Court, appointed for that purpose, and which settlement and report were referred to as part of the notice. Upon the return of this notice to the County Court, a judgment was entered, new trial granted, and various proceedings had, till the February term, 1842,

of said Court, when the case was fully heard and judgment rendered for the Justices of said Court, for said sum of $423 03, and costs. From this judgment the defendants below have appealed to this Court.

The various pleadings, written and *ore tenus*, the testimony adduced, and all the proceedings upon the final hearing of the motion, are presented in a bill of exceptions, with a seeming certainty and precision, rather unusual. The objections to the proceedings on the hearing of the motion, we shall not notice in the order they were then made, but rather as they stand in the assignment of errors.

The first error assigned is, that the County Court had no jurisdiction, and could not preside and determine a case in which they were plaintiffs.

It must be admitted that the proceeding is rather anomalous in appearance, but the objection to the jurisdiction, that the Court occupied the attitude of plaintiff in the proceeding, is clearly not available. The only reason necessary to assign in support of their jurisdiction is, *lex ita scripta est.* The answer to the objection is found in the act of our Legislature, which expressly confers the jurisdiction in cases of this kind: (1 *Stat. Law*, 503.)

But secondly, it is urged that the bond of Thompson, as Collector, and the defendants as his securities, was made payable to the Justices of the Carter County Court, and was, therefore, as a statutory bond, void, and the Court, on that account, had no jurisdiction.

The act of 1791, (2 *Stat. Law*, 1115–6,) directs the bond required from the person who may be appointed to collect the county levy, to be made payable to the Justices of the County Court, and upon the bond thus taken, the proceeding by motion, as in this case, was authorized.

The act of 1810, Sec. 8, (2 *Stat. Law*, 1250,) provides, that bonds thereafter made payable by law to the County Court Justices, should be made payable to the Commonwealth of Kentucky, instead of the Justices. But the 9th section of that act has this proviso: "*Provided however*, That nothing in this act contained, shall be so construed as to make void any bond taken in such way and form as would be valid in law, if this act had not

*Margin notes:*

CARTER &c.
*vs*
JUSTICES CARTER
COUNTY COURT.

The County Ct. have jurisdiction to render judgments against defaulting creditors and their sureties. *Lex ita scripta est.*

Bonds of collectors of county levies &c. taken payable to the justices of the County Court are valid as statutory bonds, and motions may be made thereon.

CARTER &c.
*vs*
JUSTICES CARTER
COUNTY COURT.

been passed, nor to change the style of action on any such bond."

If we are not mistaken as to the effect of this proviso, the bond in this case is a statutory bond, and the same proceeding, by motion, is authorized, as though the act of 1810 had never been passed. We are not aware of any adjudication by this Court, in which this question has been directly presented and settled; but in the case of the *Justices of Christian* vs *Smith & Clark*, (2 *J. J. Marshall*, 472,) this Court gave the same construction to this proviso, that we feel justified in giving to it. The objection, therefore, to the jurisdiction of the Court below, is untenable.

There is but one other question presented, which we regard as deserving particular consideration.

The bond of a collector of the county levies, executed in Court, is in effect a quasi recognizance, and the order of Court of its execution counteracts all parol proof of alteration or addition, in the absence of any allegation of fraud.

The defendants, now appellants, filed special pleas of *non est factum*, to the bond, alledging that since it was signed and delivered, it had been altered without their consent or privity, in material parts; that *the words "two thousand dollars," had been inserted in a part of the bond, which was left blank when it was executed and delivered; that the words "Commonwealth of Kentucky," had been erased and "Justices of Carter County Court" inserted*, and that in consequence of these insertions, alterations, and erasures, the bond was not their act and deed. Two witnesses were introduced, who stated that their attention was called, as they believe, to the bond in question, about "the 1st of February or March, 1840 or 1841, and that the penal part of it was then in blank as to the sum thereof; that if at that time there was any erasure or interlineation, they had forgotten it." One of the witnesses did not speak with confidence as to this being the same bond which he had examined at the time stated, but if it was the same, there was not, at that time, the *words two thousand dollars* in it. The attention of the witnesses was called to the bond when they first saw it, if same bond, by one or more of the defendants. It is further stated in the bill of exceptions, that the bond appeared to have been originally written, payable to the Commonwealth of Kentucky, and changed to Justices of the Carter County Court—and that the words *two thousand*

*dollars*, as well as Justices of the Carter County Court, were written in darker ink.

The Clerk was sworn by the plaintiffs, who stated that the bond in contest was the only bond given by Thompson as Collector of the levy for 1838 ; that he was unable to say whether the penalty or sum was inserted when signed or not, nor whether the erasure or interlineations were then made; that the bond was in his hand writing; that he prepared blank bonds previous to the term when they were wanted, and did not insert the penalty till fixed by the Court.

When the defendants in the motion filed their pleas of *non est factum*, they moved the Court to transfer the case to the Circuit Court, where the whole case might be examined. This motion, after the testimony was heard, the Court overruled, and rendered the judgment.

In considering this branch of the proceeding, the first question is, whether the County Court could properly hear and determine the question presented by the pleas of *non est factum*. If similar questions have been presented to the consideration of this Court, we are unapprised of it, and we are inclined to think they must have been of rare occurrence.

The Justices are not presumed to have any interest in judgments rendered upon proceedings of this kind. They are merely the agents and trustees of the fund for the use of the county. Jurisdiction is expressly given them over the subject matter, to hear the motion, and of course to consider and determine upon all objections that may be urged against the rendition of the judgment. If correct in these views, the remaining inquiry is, whether the judgment was properly rendered and ought to be sustained.

If the bond is not invalidated by the parol testimony adduced, we are satisfied there is nothing in the record, which will justify us in disturbing the judgment. The bond was executed in compliance with the requisitions of the law. The levy of the county for the year 1838, amounted to about $800, so that $2000 was not an unreasonable but a suitable sum to insert as the penalty in the bond. The presumption is, that the Collector and his sureties intended to execute such a bond as the law re-

CARTER &c.
*vs*
JUSTICES CARTER
COUNTY COURT.

quired; that they did execute a bond in all respects of that character, with the exception that it was without a penalty, they do not controvert. For whether the bond was payable to the Commonwealth or to the Justices of the Carter County Court, as we have shown, was wholly immaterial, it was equally valid, and the law gave the same remedy upon it in the one case as in the other. But besides, upon this point the testimony adduced by the defendants in the motion, without adverting to any rebutting evidence in the record, we regard as wholly insufficient to invalidate the bond.

Let us now pursue a little further, the inquiry in reference to the penalty. The bond, as stated by the Clerk, was prepared previous to the term when it was executed, and not knowing what penalty might be fixed by the Court, he left that portion blank. This circumstance sufficiently rebuts any presumption arising from the fact, that as the penalty was written in darker ink than the residue of the bond, that it was, therefore, inserted after its execution. The witnesses produced by the defendants, do not speak with certainty that the bond in contest is the one which they examined on a former occasion, and in which, at the time, there was no penalty, and they are indefinite as to the time of that examination.

Regarding, therefore, their testimony as competent, we think we might well hesitate, even if the bond was one of an ordinary character, before we reverse the judgment in this case, upon the ground that there had been an alteration in the bond.

But the bond is a statutory bond—it is witnessed and certified by the Clerk to have been signed, sealed, and acknowledged in the presence of the Court, and is in effect a *quasi recognizance.* It is a higher grade of obligation than ordinary bonds between individuals in the country. The record of the Court proves the execution of the bond and in the same penalty.

The bond bears date 1st May, 1838. On the hearing of the motion, the following order was read, made at the May term, 1838, of the Carter County Court, at the time of the execution of the bond.

"*Ordercd*, That Harris W. Thompson, Sheriff of this County, be appointed Collector of the County levy for the present year; and thereupon he, together with Thompson Ward, William G. Carter, and William Kouns, his securities, entered into and acknowledged bond in the penalty of two thousand dollars, conditioned according to law."

Such being the record of the execution of this bond, it cannot be contradicted or overturned by parol testimony, and is conclusive upon the appellants, except, perhaps, upon the ground of fraud, of which there is no pretext. It is the highest grade of testimony that could be adduced, or that is known to the law, of the execution of the bond—and it dispels all doubt, which the parol testimony, if it were, in any view of the case, competent or permissible, has or could throw over the transaction.

As to the amount of the judgment, it will be sufficient to say that it is the balance of the levy of 1838, in the hands of the Collector, as reported by Commissioners appointed by the Court to settle with him. The report was read upon the trial, without objection, and it is now too late to raise any; no question was made as to the amount of the judgment upon the trial, nor is the point directly presented in the assignment of errors.

Judgment affirmed with damages and costs.

*Morehead & Reed, Payne & Waller* for appellants: *Cates & Lindsey* for County Court.