## MINOR AND WIFE *v.* CLARKSON.

**Instructions — Questions of Law and Facts.**

    Questions of fact and not of law should be submitted to the jury by the instructions.

**Answer — Construction of — Facts Not Alleged Need Not be Denied.**

    Giving the answer the most favorable construction for appellee only amounts to an admission that there was a judgment for some uncertain amount, which had been replevied and an execution had issued on a replevin bond, but it cannot be understood as admitting that the amount in the execution corresponded with the judgment or replevin bond, because the fact is not alleged.

**Sale of Land Under Fieri Facias.**

    The statute has only authorized the sale of lands under writs of fieri facias in satisfaction of judgments of replevin bonds, which have the force of judgments.

APPEAL FROM BOYLE CIRCUIT COURT.

February 16, 1866.

OPINION OF THE COURT BY JUDGE PETERS:

This action was brought in the court below by appellee to recover a small tract of land in Boyle county from appellants which he claims on two grounds:

1. By purchase from the heirs of Leonard Taylor, deceased. And 2. Under a conveyance from the sheriff of Boyle county, who sold it as the property of appellant G. Minor, by virtue of a writ of fieri facias in his hands against said Minor and others. A judgment was rendered against appellants and they have appealed.

In his original petition, appellee merely alleges that he is the owner of and entitled to the possession of the land which appellants wrongfully withhold from him; but in an amended petition which he filed he, in two paragraphs, sets out his derivation of title. In the first he alleges the land was patented to Hardwick who sold it to Leonard Taylor, that Taylor entered upon it at the time of his purchase and held it for many years and up to his death adverse to all the world, that he died intestate, and his heirs then conveyed it to him.

"In the second" he alleges that John Harlan recovered judgment in the Marion Circuit Court against the defendant Gilbert Minor and others for $————————, and afterward fieri facias issued upon a replevin bond taken in satisfaction of said judgment, directed to the sheriff of Boyle county, and while the same was in full force, the said Gilbert Minor being in possession of the land in controversy, claiming some sort of interest in the same, gave it up to the sheriff to be sold to satisfy said debt.

Appellants in their answer admit that Harlan had the land sold under a fieri facias; but deny that they ever gave their consent for the sale or that the land was rightfully sold because they allege they only had an equitable title to the same.

The evidence conduces to show that the land in controversy was a part of a tract purchased by Leonard Taylor from Hardwick, the patentee, that Taylor entered upon said tract when he purchased it, and retained the possession continuously up to his death, which occurred many years after his purchase, that he died intestate, and Henley Taylor and others, the grantors in the several deeds to appellee read as evidence on the trial, were his heirs, and that by virtue of said deeds appellee was invested with the legal title to said land. But appellee having been introduced on the trial as a witness by appellant proved that he sold the land in controversy to Hodge by parol contract and put him in possession twelve years before that time, that Hodge paid him about $100 of the price and then sold it to Martin Lay, who sold it to appellant G. Minor and put him in possession thereof, and that in 1861 or 1862, when the fieri facias in favor of Harlan against said Minor and others was in the hands of the sheriff of Boyle county, said Minor gave up the land to be levied on and sold by the sheriff to satisfy said debt. G. Minor was also sworn as a witness and denied that he gave up the land to the sheriff as stated by the ap-

pellee. Neither the judgment, replevin bond, nor execution was offered in evidence on the trial.

Two instructions were submitted to the jury on motion of appellee; the first is that if the jury believed from the evidence that the land in controversy is covered by the patent to Hardwick, and that Leonard Taylor more than twenty years before the institution of this suit occupied the same, claiming it as his own, and that the occupation under his title was continuous to the institution of this suit, and that the plaintiff is invested with said Taylor's title, they should find for the plaintiff provided it is covered by his deed.

Second. If they believe from the evidence that defendant G. Minor consented to the levy made by the sheriff, Geo. W. Doughly, on the land in the controversy, and gave the same up, they should find for the plaintiff if they further believe from the evidence that the sheriff's deed covers the same.

Neither of these instructions can be sustained.

In the first, the jury are told if they believe certain facts in relation to the claim and occupancy of Leonard Taylor, " and that the plaintiff is invested with his, said Taylor's, title they should find for the plaintiff " etc., thus submitting a question of law to the determination of the jury, instead of informing them what facts they must believe from the evidence to exist in order to invest appellant with said Taylor's title.

Said instruction is objectionable upon another ground. Minor entered upon the land as is shown by the evidence under a parol contract of purchase, and as there is no evidence of any act done by appellants by which their possession had become tortious, appellee could not evict them by virtue of his title derived through Taylor's heirs, until he had demanded possession, and given them reasonable notice to quit the premises.

To sustain the second instruction the amount of the judgment, or replevin bond and execution, should have been shown on the trial by competent evidence. Giving to the answer the most favorable construction for appellee, it only amounts to an admission that there was a judgment for some uncertain amount which had been replevied and an execution had issued on a replevin bond, but it cannot be understood as admitting that the amount in the execution corresponded with the judgment or replevin bond, because the fact is not alleged.

The statute has only authorized the sale of lands under writs of fieri facias in satisfaction of judgments or replevin bonds which have the force of judgments.

There must of course be a judgment or replevin bond to which the proceeds of the sale may be applied to make the sale a valid one. Competent evidence should, therefore, have been introduced showing that the execution and bond corresponded. Knights *v.* Appelgate's Heirs, 3 B. Mon. 336.

As it appears that the surrender of the land was by part, and it does *not* appear that G. Minor was present at the sale made by the sheriff, he was not estopped to deny the title of appellee derived by his purchase at the sheriff's sale.

No cause of action whatever is shown against Mrs. Minor and the petition as to her should be dismissed.

For the reasons herein stated the judgment is reversed, and the causes remanded for a new trial and for further proceedings consistent with this opinion.